The next case has several parties. If I don't name all the parties, it's not because you're not all equally important to us, but I'm going to just name a few for the efficiency of time. We have North Sound Capital and GIC Pvt. Ltd. and Others v. Merck. Appellate numbers 16-1364, 1365, 1366, and 1367. Good morning, Your Honor. Dan Kramer from Paul Weiss for the Merck defendant appellates. I'd like to reserve five minutes for rebuttal, if I may.  Great, thank you. Your Honor, this appeal presents the question of whether filing a class action lawsuit may toll the statute of repose in Section 10b actions. Because the Supreme Court has held that statutes of repose create an absolute and unqualified bar, giving defendants total repose after five years and may not be told for any reason, the answer to that question is no. I'd like to make three points in my opening remarks. The first is that it's undisputed that there's a five-year statute of repose that applies to the actions before, Your Honors, and that the actions that we're dealing with were in fact filed after the five-year period. So there's no disputes to that. The second point I'd like to make is that statutes of repose are absolute. The Supreme Court has spoken to this issue and spoken to it recently. In the CTS v. Wahlberger case in 2014, the Court went through statutes of repose and the law relating to it and stated that it's a judgment that defendants should be free from liability after a legislatively disputed case. And after that, no more liability will exist and that the statute will not be told for any reason. It creates an out-of-limit unfound solubility. It's a cutoff. It's an absolute bar. Let's take a scenario sort of like this one where you have a putative class action and Plaintiff A is not a named party, it's one of the putative class members. That putative class action is filed within both the statute of limitations and the statute of repose. The district court, for whatever reason, cannot adjudicate the class certification motion within the five years from the time of the violation. On five years and one day, it adjudicates the determination whether to deny or not opt out. And one of that putative class member, Class A, decides on five years and one day in the afternoon to file that individual suit. Why doesn't the putative class action complaint operate because it was filed within the statute of repose to be sufficient to allow that individual complaint to proceed? Right. And the reason it doesn't is because the opt out action is a new action and the statute of repose says quite clearly that there's an absolute bar on new actions. So that plaintiff has two choices. That plaintiff can continue in the putative class and get the result that all other class members have. Or that plaintiff could have filed an individual action within the five year period and then opted out if and when class cert was granted. Those are the choices. But under Wahlberger, that plaintiff does not have the choice to wait five years and one day and opt out and file a new action because what the statute says quite clearly, what Congress said is there will be repose after five years. Defendants will not be subject to further actions. It's a total bar that will not be told for any reason. But members of the putative class who did not file actions and never do file actions, they just benefit as members of the putative class. When the class is certified, when the class is certified under American PIPE, then as members of the class, they get the benefits of being a member of the class, which includes standing as parties for when the action was filed. But if the class is certified one day after the five years, hasn't their right of action been cut off by the statute of the codes? They're permitted to continue as class members. That's what American PIPE says. American PIPE says that for members of the class as subsequently determined, those are words that plaintiffs get back. Their right of action is not cut off by the statute? Their right of action is not cut off. They may continue their class action and American PIPE says until and unless they opt out. If they opt out, they have given up their rights to the benefits of being members of that class and they're on their own. Is there any reason why the plaintiffs in this case could not have brought before the district court determined the certification issue and while it was still pending, could not have brought individual actions? In other words, were they enjoined from bringing them? No, Your Honor. There's no reason whatsoever why they could not have filed those actions and in fact, in many cases, where institutional plaintiffs do just that. But these plaintiffs decided not to do that. They decided to wait. They waited until the statute of proposals expired. They waited to see what the class settlement would be and then they decided that they wanted to take a gamble. They wanted to do better than other members of the class. This is something that ordinary class members don't really have practically the option to do because the whole reason you have a class mechanism is because the claims typically are too small to opt out. It's only large shareholders who really have this option. These shareholders could have filed before. They waited. They thought they could essentially hold up defendants by hand, get more than the rest of the class and they filed late and they did by the way, knowing that the Second Circuit had held an IndyMac, that their claims would be barred and knowing in this case that there was a potential that claims would be barred. I don't see the difference between the nature of my right. If I'm in the punitive class and I go along happily and after the five years passes and then the class is certified, I stay a member of the class. But my buddy over here, he thinks that the settlement is too low and that he's got to do something about it. On the same day that I decide, five years and one day, that I decide to stay part of the punitive class, my claim is still alive. My buddy decides I've got to opt out and do better. Why shouldn't his claim at that moment still be alive as mine was? Right, because Congress made the determination and it's a defendant-friendly determination. It's saying to defendants, there comes a time when giving you repose and having you be free from new actions is more important than the plaintiff's right. Congress made a determination in this case in 2002 in the Sarbanes-Oxley Act. But on that day of five years and one day, the defendant was not clear of my buddy's claim. He's not creating a new claim. Yes, if he opts out, he has to file a new action and what the statute of repose says is that a private right of action under 10B may be brought not later than the earlier five years. So he's filed a new action and it has a practical, that's the technical answer, Your Honor. It has a practical consequence to defendants. It takes a lot of guts to opt out after the statute of repose is run. What you're saying is, it's not a question for us to look at what we think overall justice might be, but it's a question of just looking at the statute. It's a new action and it's too late. That is correct, Judge Greenberg. This is a determination for Congress. In 2002, Congress decided that the statute of repose in this area, which was then three years, was not long enough and decided to make it five years. But by moving it to five years, they made a determination that regardless of the potential other actions that could be filed, that the way they weighed the different rights was defendants' right to repose overcame any potential interference to plaintiffs. And by the way, in this case, plaintiffs who stayed in the class got a recovery. If I could ask you, we have a, this is before us, of course, because of a 54 certified question. The certified question to us is, is American pipe a legal or equitable tolling doctrine? Do we need to decide, do we have to pick? Your Honor, the Second Circuit in IndyMac decided it need not decide the first question raised to this court and could dispose of the case merely on the second question, which is whether it's equitable or whether it's legal as interpretation of Rule 23. Either way, it would violate the Rules Enabling Act because it would be an interpretation of Rule 23 that modified, abridged defendants' right to repose, which CTS and this Court in Exxon both found was a substantive right. Which way do you think we should answer the question? Legal or equitable or both? That would be a statement about tolling at all, much less tolling and statute of limitations. But if this Court decided the simpler road is to do what IndyMac did and simply go on the Rules Enabling Act, that would, you know, obviously, we'll take them in either way, both ways. Either way, we think we're right on both grounds. Judge Graber, do you have any more questions for counsel this round? Well, I just wondered how, of course, maybe I should ask this on the other side. The whole criminal law works on a statute of repose basis because you can commit the most heinous crime other than murder, I think. And if the statute of limitations is run, when the indictment is brought, it's too late. In CTS v. Waldenburg, the Supreme Court made exactly that point, Judge Greenberg, where it said that the running of the statute of repose gives defendants repose just like a disruptive bankruptcy and just like the running of the double jeopardy clause in criminal cases. The Supreme Court made exactly that analogy. I was just talking about the statute of limitations in a criminal case which, in a sense, operates as a statute of repose because you couldn't bring this indictment sooner because you didn't know who was guilty. So you couldn't get an indictment. So after the five-year term, if that's what it is, runs, you get an indictment against somebody and that person has a defense even though you couldn't have brought it sooner. I think they have a defense. That's correct. In CTS, again, the court says that often statutes of repose run even before not only plaintiffs know they have a claim but even before the claim accrues. That can happen. And even in that situation, the judgment is that the defendant is entitled to repose. You know what happens? It happens like if I'm an architect and I design a building and 40 years later it caves in and someone sues me and says I was a lousy architect. I think I'm in the clear. At least in New Jersey, I think. I agree, Your Honor. I see my time has expired. I've reserved for me. Thank you. Of course. We'll see you on rebuttal. Good morning. Good morning, Your Honors. May it please the Court. My name is Daniel Hume. Is that vodka or water? I'm sorry? Is that vodka or water? Oh, I wish it was vodka, but it is in fact water. I was going to ask that you share it around. I'm happy to pass it around. Your Honors, I wanted to pick up on questions by Judge Schwartz and Judge Roth about what are we really talking about here? We're talking about claims, talking about complaints. And if you look right at the statute of repose for 10b and 20a, it talks about a private right of action, for example. Everything about American Pi talks about claims, rights of action. I completely agree that there's no difference between somebody who decides on the five years and one day to stay in or the five years and one day to opt out. Their claim started when the class complaints were filed. That's what American Pi says. That's what the case law since American Pi confirms. This Court is willing to be consistent with that. It's really not about the defendant's opportunity to get repose from new claims or new liability. The question is, are they still exposed to existing claims? And, of course, they are. But why wouldn't the suits that were brought here be brought before the statute of repose period ran? You could have the suit, the individual suit. I guess if I were a district court, I would probably stay pending the certification issue and see what the person does. But why didn't they sue earlier? Well, Judge Greenberg, this really goes to what American Pi was trying to accomplish. If that's what people were supposed to do, then you would see a multiplicity of suits. You could see thousands. You could see millions of suits. Let me tell you something. I'm a consumer. Once in a while, something will come in the mail to me about some class action. And I'll tell you what number comes after it is a check. But, I mean, people aren't going to go around filing lawsuits. I think there were some numbers in here. It's a big thing to file a lawsuit in a case like this. Well, that's true. And we're not here to debate the wisdom of Rule 23. We're really here to discuss what does Rule 23 say? What does American Pi say about Rule 23? So if, for instance, the class is 100 and the putative class is 100 and there is talk about settlement and 50 of them say, well, we think we ought to settle for 200 apiece. There's further talk and further talk. And finally, they settled for 300 apiece. And so out of the 50 who were thinking that 200 was not enough, another, I'm not describing this very well. What I'm saying is you've got a bunch of people in the putative class. They talk about what the case ought to settle for. And when the case is, if the case was settled for 200, there are 50 people who would opt out and bring suits. If the case was settled for 300, there are five people who would opt out and file suits. But if you say you've got to opt out within the five years, then the whole. . . Well, you never know what you're opting out of exactly. You're going to have a lot more suits filed. Well, and that's what happened here. The settlements didn't come until later, so we don't. . . You'd have situations where, as here, you have to exercise your opt-out right or not without knowing what you're opting out of. It's a bit like a pick and a poke. So in your hypothetical as well, let's remember that the class representatives are the only ones deciding what the settlement terms are. But you could have filed. . . A protective action could have been filed within the five years. If the class decided to settle, you could have dismissed that case and still remained a member of the class because you wouldn't have opted out yet. So there still was an opportunity to participate if that was attractive. Well, there's no question you could always file cases sooner, but there's a couple of considerations. First of all, here in this circuit, we've got quite a number of district courts who say that once you file your individual case before class certification, you start losing totally even for the statute of limitations. But you would have filed within the statute, so that doesn't seem to matter. Well, and that requires you filing almost right away, and that's not what Rule 23 is designed to do. American Pipe recognized and cases after recognized that the whole purpose of Rule 23 is to avoid all these lawsuits, to have them consolidate. And the only way to affect that purpose is to allow the class case to proceed with the class representatives maintaining everybody's claim, and then the class member doesn't have to do anything. It's very clear from the case law that the class member doesn't even have to know about the lawsuit, but still retains its rights and still retains its claims. That's the key here. We never give up the claims. The thing that's different about the statutes we're dealing with in this case as compared to the Clayton Act and others that were being addressed specifically in American Pipe is the issue of the statute of repose. And if you look at Congress creating causes of action, and that's what they did with the Securities Act. They created a right to bring a private cause of action. And what Congress gives, they can take away. And what they did, it seems to me, is that that five-year mark, it extinguished, it took away that right. From your argument would require us to extend, change, enlarge a right that Congress said no longer existed. How do we do that consistent with the Rules of Enabling Act? Well, that's not actually what we're looking to do here. I mean, Congress did say you cannot bring new claims. You cannot come around five years later and bring a completely new claim. But that's not what's going on in Rule 23 and American Pipe. That is not what's going on here. We're simply maintaining already existing claims. The claims clearly commenced with the class action complaint for all class members. So, for example, you could even have a situation where, let's say, you've got a married couple that bring a case. They get divorced. They split the case in two. They don't lose their claims just because it's five years later or whatever the reposed period might be. They maintain those claims. And it's the same thing here. The claims always existed. So we're not asking anybody, certainly not this Court, to give plaintiffs new claims. What we're asking this Court to do is not take away rights that they already have. The statute says, if you look at 1658b-2, a private right of action that involves fraud, deceit, manipulation, and so forth may be brought not later than five years after such violation. It's not a claim that's brought. It's a right of action. And if you bring the case five years and one day later, then you're bringing a right of action beyond the five-year period, even if your claim had been asserted earlier. I mean, it's just a question of reading the law, isn't it? No, the right of action is the claim. That's the point. The complaint, filing the complaint is merely a procedural device to maintain a claim. No, no, wait a second. A right of action is a little different than a claim. I could have a claim against you and not sue you, but a right of action means bringing something in court. The right of action means bringing something in court, Your Honor. The right of action is the right to bring that action, the right to bring that claim. And that's what the repose period here is really talking about. So the members of the putative class who stay in, they haven't actually filed any papers. That's right. But their claim is considered to date back to the date when the class action is filed. Exactly. And so the ones who opt out, if they hadn't opted out, their claim would have dated back to that date, right? Well, that's true. And so when they opt out, why doesn't it still date back to that date? It does. Exactly, Your Honor. It does date back. And, in fact, the defendants really make that point for us with the whole notion about opting back in. You know, this case, this settlement involved an opt-back-in right. So what they're saying is you can opt out, and under their theory, when you opt out, you lose your claim forever. But then you can come back in, but how can you really come back in if you don't have a claim? It doesn't make any sense. Clearly, the claim is always there. But your argument, following up on what Judge Roth was asking, would mean that the statute of repose would be told. That's your position. Yes. And that seems inconsistent with the fact that that would thereby extend the time in which the private right of action could exist. And that seems contrary to the legislation that was enacted. The legislation is not talking about how long the right of action exists. The right of action comes into play and comes into existence and is filed with the class complaint, and then it exists. What the legislation is talking about are new claims, new rights of action. That's what they're talking about. Let's give me an example of what that would be. From where I understand what you just said is the private right of action was filed when the class representatives filed on my behalf. I'm the punitive class member. So I filed within the statute, even though I didn't personally do it, but my representatives did. And that's from your position. That should protect me to do whatever I want after the class is certified. With my claims. I'll give you an example. With your claims. What do you mean by that? Do you mean the exact causes of action set forth in the complaint? You can't add new ones? Exactly. So, Your Honor, I mean, there might be situations where there is enough relationship. But if we came up with new claims here about other misrepresentations that were not pled before, you know, things that we found out, maybe some new evidence was discovered about things that Merck executives knew at another period of time. Things like that that are really, really separate from the claims that already exist. Well, those are new claims. Or maybe we came up with some antitrust angle. That's a new claim. But here, the claims in the class complaint are the same exact claims that we're pressing here and are at issue here. And those claims have existed. So, yes, we can't bring something entirely new. And somebody else can't come along and bring something entirely new. But these are the same claims. And they have to be the same claims or else how can we have the right to opt back in? Does it collapse, then, the statute of limitations, statute of proposed difference if we follow your approach? No, because they're both based on different things. The statute of limitations is based on things that plaintiff does, things that plaintiff knows here. When does plaintiff learn about his claim? When is it damaged? When does the claim accrue? That's only statute of limitations. That's statute of limitations. It's very subjective. It depends a lot on what plaintiffs do. And, frankly, the tolling of the statute of limitations is also very subjective. And that's where you get into these equitable considerations of did plaintiff sleep on its rights? Was there some extraordinary circumstance? Things like that. So do you think American Pipe is equitable? I think we think what happened – no, no, certainly not. We think what happened in American Pipe is legal tolling. It was dealing, frankly, with the statute of proposed. It looks a lot like the statutes of proposed at issue here, much more so than some accrual-driven statute of limitations. The Clayton Act, of course, has both. And the statute – the part of the Clayton Act at issue in Pipe was the part, which is like the proposed period here, something based not on anything that the defendants or the plaintiffs were doing, but an independent activity, in that case, the end of a government proceeding. But the Supreme Court only uses language statute of limitations throughout the opinion. It doesn't discuss the proposed period. It discusses limitations period and whether or not the class action should toll the time for the equitable reasons or judge-made reasons. Well, frankly, Your Honor – I'm sorry, excuse me. That's okay. Go ahead. Until recently, we really – the whole idea of statutes of proposed and statutes of limitations were really not a big topic. And in the past – Well, there aren't a lot. No, no, exactly. In the past, they were just referred to as limitations periods. And there's case law which refers to the fact that proposed periods are often called limitations periods.  We just have to look at what they are and the characteristics. So, sure, the characteristic of a proposed period is that it's based on an objective, fixed event, whether the plaintiff knew about it or not. That's what we have here. That's what the Clayton Act one-year provision really was. The plaintiff didn't have to know anything about the government investigation, and it certainly didn't have to know that the government ended its investigation. They didn't take out an ad in the New York Times saying we've ended our investigation. But nevertheless, one year later, you're – you know, the period didn't ask that. It's the same thing here. I'd like to go back, though, and focus on what Judge Greenberg has been focusing us all back on, which is appropriate, is the private right of action language. And are you familiar with the extender statute? There's a statute that Congress created for when federal agencies sort of step in the shoes of private entities like receivers or things of that nature. And they basically have – that is, Congress has elongated the period, the proposed period, under the 1933 Act. Is any of this familiar to you? If it's not, I'll move on to something else. I'm familiar with the concept, Your Honor. If Congress wanted to permit the outcome you suggest, it would have done so like it did with the extender statutes, and it didn't. So tell me why we should not find that probative of Congress's. Well, I actually – sorry, Your Honor. I actually look at it from the opposite point of view. Congress has known about American pipe for a long time, 40 years, and Congress has done a lot of things since then. First of all, Congress, as we all know, extended the proposed period from two years to five years in this case. It did not take that opportunity to say, well, all the jurisprudence since American pipe has told both the proposed and the limitations periods, and so we better fix that and say something in the statute. They didn't do that. Congress also passed the PSLRA, the Private Securities Litigation Reform Act, which put into place a structure where lead plaintiffs don't even file a complaint. So you've got some other investor usually filing a complaint, and then the lead plaintiff is appointed later. The lead plaintiff motion theoretically is often – well, it is often very contested. It could take a long time. It could take perhaps longer than the proposed period even, and then what would happen? The lead plaintiff files the complaint, and it's suddenly untimely?  Congress says the claims begin when the first class action complaint is filed, and if Congress thought there was some problem with all that, they would have said so by now. They have the chance specifically, specifically here because they did change the reposed periods very recently for these claims. So they have a chance to do so. But in the PSLRA example you just gave, when you have the competing plaintiffs wanting to become the lead, ultimately one is selected, a consolidated class action complaint is – a proposed class action complaint is filed. It usually gets the earliest filed number because that's how district courts manage their dockets. That's right. It's not going to really work. Your hypothetical doesn't really work because in reality it's going to go to the earliest filed one because all these plaintiffs are filing at the same time. Did you have a timeframe to file your action to compete to be lead plaintiff? Yes? Well, yes. So you do have 60 days after the first complaint. But the point is the lead plaintiff, who is eventually appointed, and it could be a long time until that happens, only then files its complaint. The lead plaintiff often does not file any complaint in the beginning. The lead plaintiff simply filed a motion for appointment as lead plaintiff. There is no complaint. But then the original complaint gets amended. It is, but it's the same thing that's happening here. The only reason the original complaint could be amended, because the original complaint is being brought on behalf of that particular plaintiff. They have class allegations. There's no class certified. Later on when a class representative, a lead plaintiff, is appointed, they file a new complaint. But obviously their claims have existed the whole time. They have to have existed the whole time. They have to have, or else you could have a ridiculous situation where the lead plaintiff is found to be untimely, not to mention all the class members. What about their claims? Do they suddenly expire on the fifth year? What's really going on here, and I see I'm out of time, Your Honor, is the defendants and the appellants here are not really looking to upend the reposed period or apply it to claims. They're really just saying, we don't like opt-outs. We don't like opt-outs, and we especially don't like opt-outs from big investors who care about these things and will negate with us. There was a limit on opt-outs, right? Well, there's a limit, and if you're going to opt-out, you have to do so by a certain period. There's a time limit. So it's not the specter of these claims from opt-outs hanging in suspension for years and years. Exactly, exactly. And the fact is the defendants know who the opt-outs are. They probably know who all the big investors are from the beginning of the case because you can see that in public filings. When they settled this case, they knew very well who the opt-outs are. They knew very well what their financial exposure to those opt-outs were. Their financial exposure did not change. They had the same monetary exposure to these opt-outs within the class as they did to these opt-outs outside the class. And when they settled with the class, they, I'm sure, took it into account and paid less money because they knew they'd have these cases to deal with. That's how it works. Okay, Counselor, let's just see if Judge Greenberg, do you have any further questions? I don't have any questions. Thank you, Your Honor. Okay, thank you. Thank you. A couple of points based on what my colleague just argued. The first point is the statute, the proposed statute, does say that defendants will not be subject to further private rights of actions. It doesn't talk about claims. Okay, but if you consider that the opt-out's private right of action existed from the time the class suit was originally filed, then there's no problem. But American Pipe says explicitly you don't do that because under that notion there's no need for tolling. There'd be no need for the Supreme Court to do tolling. There's no need for tolling. Exactly, but American Pipe talked about tolling because, as the decision made clear, once you choose not to continue the lawsuit, you no longer get the benefit of having stood as a party. It says in American Pipe that the action for all members of the class is subsequently determined, right, commenced when the class action started, unless and until they receive notice thereof and chose not to continue. And that is consistent, Judge Roth, with the whole notion of class actions. There are benefits to membership. If you're a member of the class, you get benefits of veterans. You're subject to all the rulings in the case, and you get the benefit of the day the complaint was filed. But if you turn your back on that, and if you opt out, you no longer are bound by the rulings in the case, but you also don't get the benefit of having been filed when the class action was filed. And American Pipe is very clear about that. And the Supreme Court in Smith v. Bayer, in a more recent case, essentially said it's a novel and surely erroneous argument that a non-new class member is a party to the class action litigation before the class is certified. So when the class is certified, if you stay in the class, you get the benefits of membership. But if you opt out, you're deciding I'm no longer going to be bound by that class, I don't get the benefits of membership, and that's why they can't have it both ways. They're either in the class so they get the benefit of it, or they're out of the class and they're on their own. And Congress made it very clear that if they're on their own, and they file after five years, it violates repose. And by the way, in this case, the repose is very important. Monarch is a large company. We had no idea that these folks were going to opt out. We had no clue about that. So we had to make decisions and assess the liability, not knowing the number of opt-outs until five years and one day. At that point, under the laws, we believe it exists. The defendants, not just Monarch, but the individuals, because there are individual defendants here as well, were able to assess their liability and make decisions. So in your world as representing a defendant, you would rather have multiple lawsuits, the class suit plus the individual suits, all filed within the five years. That's your preference. Yes, Your Honor, and I'll tell you why. And this case is a great example of it. If they're filed within that time period, I can have them consolidated. I can have discovery consolidated. I can judge us off and say one discovery demand, one set of depositions for all nine people. Decisions are going to be binding on everyone. But what happened here is these are claims that date back to 2008. And by doing it consecutively, the defendant is now, Judge Kavanaugh, retired from the bench, we have a new judge, right? We're going to have to do discovery all over again. We're going to have to do our motion practice all over again. We by far rather have all of these claims brought within, all these actions brought within the five-year period than have to address this sequentially. We're going to have to go through all of the expense all over again. It's not efficient to the defendants. It's not efficient for the judiciary either. But whether it's efficient or not, whether it's my preference or not, the fact is Congress made a legislative judgment here. And the judgment was fair or unfair, efficient or not efficient. After five years and one day, a defendant will not be subject to new prior rights of action. By opting out and filing their action, they violate their repose period. Anyone finds that? The 11th Circuit finds that. Stein in the 6th Circuit finds that. It's consistent with the Supreme Court's jurisprudence on a repose under Wahlberger and Murph. So the fact that those cases you just mentioned are all subjects of cert petitions? These are recent cases. They are 2016 cases. Not all of them have certs. I think Stein didn't find cert petitions. No, the 2nd and the 11th, there are cert petitions. Yeah, 2nd and 11th. So there are cert petitions. And I would just say, you know, obviously this Court has discretion to do whatever it wants. This is an important issue. It would be important for this Court to add its voice if these cases are... The Supreme Court hasn't accepted any cert petitions. I don't know if they'll take it or not. But if it does, it would be important for this Court to add its voice to these very important issues. I see my time is up. Okay, let me just see. Judge Greenberg, anything further for counsel? No questions. Thank you very much. Counsel, thank you for your well-argued cases and briefs. We're going to take the matter under advisement.